## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUNNING FOXES PETROLEUM, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 6:23-cv-01019-HLT-TJJ** |
| **EURAMERICA GAS & OIL CORP,** | |
| **Defendant.** | |

## <u>ORDER</u>

Plaintiff Running Foxes Petroleum, Inc. sued Defendant Euramerica Gas & Oil Corp. for breach of contract. Doc. 1. Defendant did not answer, and the Clerk of Court entered default. Doc. 8. Plaintiff now moves for default judgment. Doc. 10.[1] Because Plaintiff fails to establish this Court's jurisdiction, fails to show the unchallenged facts create a legitimate basis for entry of judgment, and fails to support the requested damages and fees, the Court denies without prejudice the motion for default judgment.

## I.     BACKGROUND

This case involves a dispute surrounding certain oil and gas leases in Kansas and Missouri. Doc. 1 at 2. In 2015 and 2016, Plaintiff and Defendant entered into certain agreements regarding those leases. *Id.* at 2-3. The complaint alleges Defendant made certain promises as part of the agreements. *Id.* Defendant has breached the agreements by not paying operating expenses. *Id.* at 3. The complaint states that Defendant is in arrears in the amount of $250,000 for Joint Interest

---

[1]   Plaintiff initially filed for default judgment, Doc. 9, and then filed an amended motion, Doc. 10. The Court considers the amended motion and denies the initial motion as moot.

Billing and Lease Operating Expenses. *Id.* Plaintiff continues to experience damages and financial loss due to Defendant's failure to pay. *Id.* at 4.

Defendant was served on March 18, 2023, but it has failed to answer. Plaintiff sought and was granted entry of default. *See* Docs. 7-8. It now seeks default judgment and damages in the amount of $340,215.46, plus interest, filing fees, and attorney fees. Doc. 10 at 1, 3-4. In support of the motion, Plaintiff has filed three affidavits. The first is from Plaintiff's owner and operator and states that Defendant "has failed to pay its proportionate share of operating expenses" in the amount of $340,215.46. Doc. 10-1. The second and third are affidavits of Plaintiff's attorney. They state that Plaintiff has incurred court costs in the amount of $402 and attorney fees in the amount of $16,341. Doc. 10-2; Doc. 11.

## II.   STANDARD

Rule 55 provides a two-step process for entering default judgment. First, the Clerk of Court must enter default against a party who has failed to plead or defend the case. Fed. R. Civ. P. 55(a). Once default has been entered, the party may apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). But even after default has been entered, default judgment is not a matter of right. *Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012).

Before a court can award default judgment, it has an affirmative duty to determine whether it has subject-matter and personal jurisdiction. *See Stafford v. Jankowski*, 338 F. Supp. 2d 1225, 1227 (D. Kan. 2004); *Mrs. Condies Salad Co.*, 858 F. Supp. 2d at 1216. This requires a prima-facie showing based on the written submissions. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

The Court then determines whether default judgment is proper. *Mrs. Condies Salad Co.*, 858 F. Supp. 2d at 1218-19. A party seeking default judgment must show that the unchallenged facts create a legitimate basis for entry of judgment on its claims. *See id.* In making this determination, the well-pleaded factual allegations in the complaint and any exhibits are accepted as undisputed. *Id.* Additionally, Rule 54(c) limits the amount of damages: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## III.   ANALYSIS

Based on the filings, the Court is currently unable to determine whether default judgment is proper. As an initial matter, Plaintiff has not made a prima-facie showing that the Court has personal jurisdiction over Defendant. It does not appear that personal jurisdiction is discussed any where in the record, other than a conclusory statement in the complaint. *See* Doc. 1 at 2 ("Venue is proper in the District of Kansas pursuant to 28 U.S.C.A. 1391 because this district is where the substantial part of the events giving rise to Plaintiff's claims occurred, and where Defendants are subject to personal jurisdiction."). Although the complaint also states that the parties selected Kansas law to govern the dispute, no choice of law provision—or any of the underlying agreements at all—are included in the record. Thus it is unclear whether Defendants have agreed to submit to the jurisdiction of this Court under these agreements, or whether there is some other basis for personal jurisdiction.

The Court is also unable to determine if it has subject-matter jurisdiction. The stated basis for subject-matter jurisdiction is diversity. *Id.* "Diversity jurisdiction requires complete diversity— no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). A corporation's citizenship for purposes of diversity jurisdiction is determined by its place of incorporation and its principal place

of business. *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1323-24 (10th Cir. 2016); *see also* 28 U.S.C. § 1332(c). The complaint states that Plaintiff "is a foreign corporation organized in Colorado and is registered and doing business under the laws of the state of Kansas," while Defendant "is a Foreign Profit Corporation organized in the State of Nevada, with a principal office at 7000 W Palmetto Park Road, Suite 210, Boca Raton, FL 33433." Doc. 1 at 1. If Plaintiff's principal place of business is Kansas (or some state other than Nevada or Florida), then diversity would exist. But that is not clear from the complaint, and Plaintiff does not address jurisdiction at all in the motion for default judgment.

The Court is also unable to determine whether the unchallenged facts create a legitimate basis for entry of judgment on its breach-of-contract claim. Plaintiff's motion does not address the elements of a breach-of-contract claim or explain how the facts in the complaint meet those elements. The allegations in the complaint are brief. No agreements are provided. And the motion for default judgment largely just repeats the allegations from the complaint. Simply alleging that Defendant has breached certain provisions does not create a legitimate basis for entry of default judgment, nor is it proper to just repeat the general allegations in the complaint.

Finally, even assuming there was a factual basis for a finding of liability, Plaintiff has not supported the requested damages. The only evidence of damages is a brief affidavit by Plaintiff's owner stating that Plaintiff has sustained damages of $340,215.46. Doc. 10-1. An affidavit simply attesting to a damage amount without any further explanation is insufficient. *See Hennecke, Inc. v. Advanced Bldg. Composites, LLC*, 2010 WL 2464842, at *3 (D. Kan. 2010) ("Although Hennecke attached an affidavit from its General Manager setting forth this number, these damages are not clearly supported by the record."). There is no documentation explaining what this number

includes, how it was calculated, or how it relates to Plaintiff's breach-of-contract claim. Thus, the Court has no basis on which to confirm the requested sum of damages.

The same is true for Plaintiff's claim for attorney fees. *See* Doc. 11. Not only is the amount claimed also based on a conclusory affidavit without any supporting records, but Plaintiff has not identified any legal basis for an award of attorney fees in this case. Further, attorney fees ordinarily require "a hearing to determine the amount." *Held v. Shelter Sys. Grp. Corp.*, 1994 WL 47157, *1 (10th Cir. 1994).

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Amended Motion for Default Judgment (Doc. 10) is DENIED WITHOUT PREJUDICE.

THE COURT FURTHER ORDERS that Plaintiff's Motion for Default Judgment (Doc. 9) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: July 25, 2023          /s/ *Holly L. Teeter*
                              HOLLY L. TEETER
                              UNITED STATES DISTRICT JUDGE